## Case No. 5,213.

### GANTT v. JONES.

[1 Cranch, C. C. 210.][1]

Circuit Court, District of Columbia. Dec. Term, 1804.

One joint surety having paid the whole, sues the other surety for a moiety. Assumpsit for money paid for the defendant's use: and money had and received by the defendant for the plaintiff's use.

Case stated. The material facts of this case are, that the plaintiff and defendant being joint payees of Suter's note, dated 16th of June, 1800, payable twenty-four months after date, indorsed and passed it away. That the note being unpaid, and the plaintiff being arrested upon a joint writ, against him and the defendant, issued upon said note, eight months after it became payable, paid the full amount with interest and costs, being $452.60, to the holder, and took up the note. That he had before paid the defendant $250, for the purpose of paying half the said note, which defendant had not applied to that use. That the note was given and indorsed by the plaintiff and defendant, for a debt due from Suter

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

to D. Happart, to whom the plaintiff and defendant indorsed and delivered it. That on 21st June, 1802, a notary-public demanded payment of the note at the last place of abode of Suter, and received for answer that he had sailed for the East Indies, and left no funds to take up the note, whereupon it was protested and returned to the holder. That the defendant, Jones, always did live and still lives within six miles of Georgetown, where the note was given. That F. J. Gantt returned to this country about the 15th of February, and the writ was served on him the 22d of February, 1803, when he paid the money. That the first writ was served on C. C. Jones, the defendant, on the 18th of December, six months after the note was payable. That Jones had not, in any manner, accounted with the plaintiff for the $250. Upon this statement of facts the plaintiff prayed the court to instruct the jury that plaintiff has a right in this suit to recover of the defendant the sum of $250, with interest thereon, from the 8th October, 1802, and also the further sum of $226.30, with interest thereon to be computed from the 22d of February, 1803.

Whereupon THE COURT instructed the jury that, upon the above statement of facts, the plaintiff is entitled to recover the above-mentioned sum of $250, with interest thereon, from the 8th day of October, 1802, upon the count for money had and received by the defendant to plaintiff's use. But that he is not entitled, upon either count in the declaration, to recover the other sum of $226.30, nor any part of it, for the moiety of the amount of the note so paid by the plaintiff, as aforesaid. Plaintiff took a bill of exceptions, but did not prosecute a writ of error.

The grounds of this opinion, as stated by THE COURT, were, that it did not appear that the plaintiff and defendant were liable at the time the plaintiff paid the money; and no assent of defendant to the payment made by the plaintiff is stated. That in order to make the plaintiff and defendant liable upon their indorsement upon the note, the holder must have given due notice to them of the nonpayment by the maker. That notice to Gantt, eight months after the note was payable, (although it should be proved to be given instantly on his return to this country,) was not due notice, the other joint indorser being a resident six miles only from Georgetown—nor was the service of the writ upon Jones, six months after the note became payable, reasonable notice.

Quaere, as to interest upon the $250 on the count for money had and received. See Tappenden v. Randall, 2 Bos. & P. 467; where the court held, that in an action for money had and received, nothing but the net sum advanced, (without interest,) could be recovered.